1    RANDOLPH L. HOWARD (Nev. SBN 006688)
       rhoward@klnevada.com
2    KOLESAR & LEATHAM, CHTD.
       400 South Rampart Boulevard, Suite 400
3    Las Vegas, NV 89145
       Telephone:    (702) 362-7800
4    Direct:         (702) 889-7752
       Facsimile:    (702) 362-9472
5
       GARY OWEN CARIS (Cal. SBN 088918)
6        gcaris@mckennalong.com
       LESLEY ANNE HAWES (Cal. SBN 117101)
7        lhawes@mckennalong.com
       ANGELA E. FONES (Cal. SBN 245204)
8        afones@mckennalong.com
       MCKENNA LONG & ALDRIDGE LLP
9    300 South Grand Avenue, 14th Floor
       Los Angeles, CA  90071-3124
10   Telephone:    (213) 688-1000
       Facsimile:    (213) 243-6330
11
       Attorneys for Plaintiff
12   **ROBB EVANS OF ROBB EVANS & ASSOCIATES
       LLC AS RECEIVER**
13

14                    **UNITED STATES DISTRICT COURT**

15

16                        **DISTRICT OF NEVADA**

17
       ROBB EVANS OF ROBB EVANS &              Case No. 2:12-CV-01860- MMD-GWF
18   ASSOCIATES LLC as Receiver for 1 Works,
       Inc. and other entities as defined in the       **ORDER DISMISSING 40
19   Preliminary Injunction Order entered February  **SETTLING DEFENDANTS AND FOR
       10, 2011, and over the assets of Jeremy     **RETENTION OF COURT'S
20   Johnson,                                 JURISDICTION PURSUANT TO
                                                 STIPULATION FOR SETTLEMENT
21                    Plaintiff,               WITH CERTAIN DEFENDANTS;
                                                 ORDER THEREON**
22   v.

23   ARVIN LEE BLACK, II, et al.,

24                    Defendants.

25

26

27

28

1    By submission of the attorneys of record for Robb Evans of Robb Evans & Associates

2    LLC as Receiver ("Plaintiff"), Plaintiff's Response to Court's Minute Order of June 23, 2015

3    ("Response") came before the above-referenced Court. The Court having reviewed and

4    considered the Response and the Stipulation for Settlement with Certain Defendants; Order

5    Thereon (Doc. No. 202) ("Settlement Stipulation"), and good cause appearing for dismissal of the

6    action against all defendants who are parties to the Settlement Stipulation subject to the Court's

7    retention of jurisdiction to construe and enforce the Settlement Stipulation pursuant to the Court's

8    Order approving the Settlement Stipulation (Doc. No. 203) and paragraph 18 of the Settlement

9    Stipulation and as set forth herein,

10   IT IS ORDERED that:

11   1.    Plaintiff and defendants Brennan Swain, Joseph Kuebler, Tony Zockoll, Bradley

12   Baker, Kim C. Ence, Kade K. Ence, KCE Family Trust, Financial Consulting, LLC, Richard

13   Kimball, Jesse Kimball, Randall Aaron Mayer, John D. Alevras, Rusty Lee, Peggy Horrocks, The

14   Law office of Travis R. Marker, P.C., as Trustee, Mulligan Price, Inc., Stephen K. Murdock,

15   Maple Mountain Construction, Inc., Pineside Investments, LLC, Casey T. Anderson, Cedar City

16   Investments, LLC, Dale F. Dellamas, Dale Dellamas Construction, Inc., J.W. Ranch, Inc., Arvin

17   Lee Black, Sr., William Scott Mitchell, Wendy J. Mitchell, R. Lane Jacobsen, Richard S. Rubin,

18   The Ginsburg Trust, Michael Smith, Sandra S. Smith, J&P Wallace Family Limited Partnership,

19   LLP, Christopher Martin, John Gee, Debra Gee, Robert Klosek, Wayne Cornick, D. Miller

20   Electric, Inc. and D & S Investments, LLC ("Stipulating Defendants") who are collectively the

21   parties to the Settlement Stipulation (Doc. No. 202) shall comply with the terms of the Settlement

22   Stipulation, a copy of which is attached and hereby made the Order of this Court;

23   2.    By consent of Plaintiff and the Stipulating Defendants reflected in paragraph 18 of

24   the Settlement Stipulation, the Court shall retain jurisdiction for the purpose of interpreting and

25   enforcing the provisions of the Settlement Stipulation, granting relief in the event of any violation

26   of the Settlement Stipulation and interpreting and enforcing the Court's order entered approving

27   the Settlement Stipulation (Doc. No. 203); and

28

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

- 2 -

USW 805202630.1

1    3.    Except as provided in paragraphs 1 and 2 of this Order, the action shall be

2  dismissed with prejudice as to the Stipulating Defendants.

3

4

5  Dated:  June 29, 2015

6                                    MIRANDA M. DU
                                    UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

USW 805202630.1

1   RANDOLPH L. HOWARD (Nev. SBN 006688)
      rhoward@klnevada.com
2   KOLESAR & LEATHAM, CHTD.
    400 South Rampart Boulevard, Suite 400
3   Las Vegas, NV 89145
    Telephone:      (702) 362-7800
4   Direct:         (702) 889-7752
    Facsimile:      (702) 362-9472
5
    GARY OWEN CARIS (Cal. SBN 088918)
6     gcaris@mckennalong.com
    LESLEY ANNE HAWES (Cal. SBN 117101)
7     lhawes@mckennalong.com
    ANGELA E. FONES (Cal. SBN 245204)
8     afones@mckennalong.com
    MCKENNA LONG & ALDRIDGE LLP
9   300 South Grand Avenue, 14th Floor
    Los Angeles, CA  90071-3124
10  Telephone:      (213) 688-1000
    Facsimile:      (213) 243-6330
11
    Attorneys for Plaintiff
12  **ROBB EVANS OF ROBB EVANS & ASSOCIATES**
    **LLC AS RECEIVER**

13

14                  **UNITED STATES DISTRICT COURT**

15

16                        **DISTRICT OF NEVADA**

17

18  ROBB EVANS OF ROBB EVANS &              Case No. 2:12-CV-01860-MMD-GWF
    ASSOCIATES LLC as Receiver for I Works,
19  Inc. and other entities as defined in the   **STIPULATION FOR SETTLEMENT**
    Preliminary Injunction Order entered February   **WITH CERTAIN DEFENDANTS;**
    10, 2011, and over the assets of Jeremy     **ORDER THEREON**
20  Johnson,

21              Plaintiff,

22  v.

23  ARVIN LEE BLACK, II, et al.,

24              Defendants.

25

26

27

28

1        This Stipulation for Settlement with Certain Defendants; Order Thereon ("Stipulation") is

2   entered into by and among Robb Evans of Robb Evans & Associates LLC ("Plaintiff"), in his

3   capacity as receiver appointed in the case pending in the United States District Court, District of

4   Nevada, entitled <u>Federal Trade Commission v. Jeremy Johnson et al, Case No. 2:10-cv-02203-</u>

5   <u>MMD-GWF</u>, and *in pro per* defendants Brennan Swain, Joseph Kuebler, Tony Zockoll, and

6   Bradley Baker and defendants Kim C. Ence, Kade K. Ence, KCE Family Trust Dated September

7   30, 2010, Financial Consulting, LLC, Richard Kimball, Jesse Kimball, Randall Aaron Mayer,

8   John D. Alevras, Rusty Lee, Peggy Horrocks, The Law office of Travis R. Marker, P.C., as

9   Trustee, Mulligan Price, Inc., Stephen K. Murdock, Maple Mountain Construction, Inc., Pineside

10  Investments, LLC, Casey T. Anderson, Cedar City Investments, LLC, Dale F. Dellamas, Dale

11  Dellamas Construction, Inc., J.W. Ranch, Inc., Arvin Lee Black, Sr., William Scott Mitchell,

12  Wendy J. Mitchell, R. Lane Jacobsen, Richard S. Rubin, The Ginsburg Trust, Michael Smith,

13  Sandra S. Smith, J&P Wallace Family Limited Partnership, LLP, Christopher Martin, John Gee,

14  Debra Gee, Robert Klosek, Wayne Cornick, D. Miller Electric, Inc. and D & S Investments, LLC

15  (individually referred as "Stipulating Defendant" and collectively, the "Stipulating Defendants"),

16  by and through their counsel, and with reference to the following:

## RECITALS

18      A.    The Plaintiff was appointed Temporary Receiver pursuant to a Temporary

19  Restraining Order issued on January 13, 2011 in the civil enforcement action entitled <u>Federal</u>

20  <u>Trade Commission v. Jeremy Johnson, etc., et al.</u>, Case No. 2:10-cv-02203-MMD-GWF

21  ("Receivership Action") pending in the United States District Court for the District of Nevada.

22  Plaintiff became Permanent Receiver pursuant to a Preliminary Injunction Order issued on

23  February 10, 2011.  On March 25, 2013, the Court in the Receivership Action entered its Order

24  granting the Receiver's Motion for Order Clarifying Preliminary Injunction Order and for Further

25  Instructions Regarding Scope of Receivership Defendants under Preliminary Injunction Order

26  and Report of Receiver's Financial Reconstruction and Granting Relief from Local Rule 66-5

27  Pertaining to Notice to Creditors pursuant to which the Court confirmed the status of numerous

28

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

1    entities and properties as assets of the receivership estate and confirmed the status of various

2    entities as Receivership Defendants.

3         B.    On October 30, 2012, Plaintiff filed the Complaint in the above-captioned action.

4         C.    Defendants Arvin Lee Black, II, ("Black") Atia Black, Sole Group, LLC ("Sole

5    Group") and Jason Vowell have failed to respond to Plaintiff's Complaint.  Plaintiff filed requests

6    for the Clerk's entry of defaults as to Black, Atia Black, Sole Group and Jason Vowell.  On

7    August 1, 2013, the Clerk entered the defaults of Black, Atia Black and Sole Group.  On October

8    31, 2013, the Clerk entered the default of Jason Vowell.

9         D.    On February 7, 2013, defendants Todd Vowell, Kombi Capital, LP, Paydirt

10   Capital, Inc., Fishhook Partners, LLC, and REO Recovery, LLC (collectively, the "Todd Vowell

11   Parties") filed a motion to dismiss, and on February 25, 2013, Plaintiff filed his Opposition to the

12   motion to dismiss.  On September 23, 2013, the Court denied the motion to dismiss as moot.

13        E.    On October 11, 2013, Plaintiff requested entry of defaults against the Todd Vowell

14   Parties for failure to respond to the Complaint.  On October 15, 2013, defaults were entered

15   against the Todd Vowell Parties.

16        F.    On February 12, 2014, defendants Todd Vowell, Kombi Capital, LP, Paydirt

17   Capital, Inc., Fishhook Partners, LLC were dismissed from this action.

18        G.    Plaintiff and the Stipulating Defendants wish to resolve the action consensually

19   without the expense and uncertainty of litigation.

20        NOW, THEREFORE, in consideration of the foregoing, the parties hereto do stipulate and

21   agree as follows:

22        1.    Default Judgment Against Black, Atia Black and/or Sole Group.  Plaintiff shall

23   move for entry of a default judgment against Black, Atia Black and/or Sole Group seeking

24   monetary relief in the aggregate amount of not less than $2.6 million.  This agreement shall only

25   be effective upon Plaintiff's obtaining monetary judgments against Black, Atia Black and/or Sole

26   Group in the aggregate amount of at least $1.8 million.

27        2.    Defendants' Allowed Claims.  Plaintiff has reviewed and approved the Stipulating

28   Defendants' claims against Black, Atia Black and/or Sole Group arising from the loans made

1   and/or payments to Black, Atia Black and/or Sole Group.  Upon Plaintiff's request, each of the

2   Stipulating Defendants agreed to provide to Plaintiff any documentation necessary to support his,

3   her or its claim amount against Black, Atia Black and/or Sole Group.  Plaintiff's determination of

4   each Stipulating Defendant's claim amount shall be the "Defendant's Allowed Claim" for each

5   Stipulating Defendant, or group of Stipulating Defendants, if a claim is held jointly by more than

6   one Stipulating Defendant ("Stipulating Defendant Group").  Each Stipulating Defendant

7   represents and warrants that his/her/its Allowed Claim is an accurate representation of the

8   difference between the amounts the Stipulating Defendant or Stipulating Defendant Group paid to

9   Black and/or Sole Group and the amounts the Stipulating Defendant or Stipulating Defendant

10  Group received from Black and/or Sole Group.  For purposes of the calculation of a Judgment

11  Percentage defined below in paragraph 5, any Defendant's Allowed Claim held by a Stipulating

12  Defendant Group constitutes only one claim, such that each Stipulating Defendant within the

13  Stipulating Defendant Group shares jointly in the Defendant's Allowed Claim for the Stipulating

14  Defendant Group.  Attached hereto as Exhibit "A" is a chart setting forth each Defendant's

15  Allowed Claims and the total amount of the Defendants' Allowed Claims.  For any Stipulating

16  Defendant whose Allowed Claim is listed as "$0.00" on Exhibit A attached hereto, that

17  Stipulating Defendant has no Allowed Claim and will not share in the Collections or State Court

18  Collections.

19      3.      Plaintiff's Allowed Claim.  "Plaintiff's Allowed Claim" shall equal the aggregate

20  amount of the separate default judgments entered against Black, Atia Black, and/or Sole Group

21  ("Black Judgment") in favor of Plaintiff.  To the extent any liability is deemed to be joint and

22  several, and not separate, the amount of such joint and several liability shall not be added together

23  in calculating Plaintiff's Allowed Claim.  Defendants' Allowed Claims and Plaintiff's Allowed

24  Claim are collectively referred to as "Allowed Claims."

25      4.      Assignment of Black Judgment.  After entry of the Black Judgment, Plaintiff shall

26  assign and transfer the Black Judgment to each of the Stipulating Defendants, so that the

27  Stipulating Defendants and Plaintiff share an undivided, one hundred percent (100%) interest in

28  the Black Judgment.  Plaintiff and the Stipulating Defendants agree that once Plaintiff assigns the

1   Black Judgment, all parties to this Stipulation shall have an equal right to enforce and collect the

2   Black Judgment subject to the allocation provided at paragraph 7.

3        5.    <u>Judgment Percentage.</u>  The Balance Collected, as defined in paragraph 7b, shall be

4   shared among the holders of Allowed Claims on a pro rata basis.  As used herein, "pro rata"

5   means the ratio of the amount that each party's Allowed Claim bears to the aggregate amount of

6   all Allowed Claims.  The "Judgment Percentage" for the holder of each Allowed Claim shall be

7   calculated by using the Allowed Claim as the numerator and the aggregate of all Allowed Claims

8   as the denominator.  For example and by way of illustration only, an Allowed Claim of $100 with

9   the aggregate of all Allowed Claims totaling $1,000 would have a Judgment Percentage of 10%

10  (or .10).  After determination of Plaintiff's Allowed Claim (i.e., entry of the Black Judgment),

11  Plaintiff shall file with the Court in this case a schedule setting forth each Allowed Claim, the

12  total amount of Allowed Claims and the Judgment Percentage for each Allowed Claim.

13       6.    <u>Creation of Judgment Liens.</u>  After entry of the Black Judgment, Plaintiff shall

14  take steps to create judgment liens on real and personal property in Utah and Nevada, as may be

15  appropriate in his sole and absolute opinion and judgment.  After assignment of the Black

16  Judgment, Stipulating Defendants may take steps to create judgment liens in other jurisdictions.

17       7.    <u>Allocation of Collections.</u>  Any monies recovered from Black, Atia Black and/or

18  Sole Group by the Stipulating Defendants or Plaintiff through enforcement of the Black

19  Judgment, whether through legal enforcement procedures, non-legal procedures, voluntary

20  payment or otherwise ("Collections"), shall be disbursed pursuant to the disbursement procedures

21  set forth in paragraph 12 below and paid to the holders of Allowed Claims as follows:

22            a.    The party who successfully recovers Collections on the Black Judgment

23                 ("Collecting Party") shall retain twenty-five percent (25%) of the Gross

24                 Collection Amount ("Gross Collection Amount" shall mean the amount of

25                 money actually recovered undiminished by attorneys' fees and other costs

26                 of collection, such as costs of asset investigation, service or levy, but

27                 excluding money actually taken out by a levying officer prior to turning

28                 Collections over to the Collecting Party); and

b.    The remaining seventy-five percent (75%) of the Gross Collection Amount ("Balance Collected") shall be disbursed to the holders of Allowed Claims by multiplying the Balance Collected by the Judgment Percentage for each holder of Allowed Claims ("Collection Share"). The Collecting Party shall be entitled to his Collection Share of the Balance Collected.

8.    <u>State Court Collections.</u> Certain of the Stipulating Defendants have state court judgments against Black, Atia Black and/or Sole Group ("State Court Judgments"). The Stipulating Defendants and Plaintiff agree that any monies recovered against Black, Atia Black and/or Sole Group on account of the State Court Judgments, whether through legal enforcement procedures, non-legal procedures, voluntary payment or otherwise ("State Court Collections"), shall be disbursed to the Stipulating Defendants and Plaintiff in the same manner as the Collections as set forth in paragraph 7.

9.    <u>Criminal Proceedings Against Black</u>. On December 20, 2013, criminal proceedings were brought against Black in the U.S. District Court, District of Utah, Case No. 2:13-CR-836-001-RJS, in connection with his operation a Ponzi scheme. Black was charged with wire fraud and money laundering. On January 10, 2014, Black pled guilty to the charges and admitted that through his business, Sole Group, he operated a Ponzi scheme from about 2007 through 2012. In addition, Black agreed to a criminal monetary judgment against him in the amount of $13,793,626.55. As a result of Black's guilty plea, the United States government may implement asset forfeiture proceedings against him. In the event that any party to this Stipulation recovers monies on account of civil or criminal forfeiture proceedings in connection with Black's criminal case, Plaintiff and Stipulating Defendants agree that those monies shall be disbursed to the Stipulating Defendants and Plaintiff in the same manner as the Collections as set forth in paragraph 7.

10.    <u>Non-Stipulating Defendants.</u> Any person or entity not a party to this Stipulation ("Non-Stipulating Defendants"), shall not share in any disbursement of Collections and/or State Court Collections. The rights of the Non-Stipulating Defendants remain unaffected by this

Stipulation.  Plaintiff's rights against the Non-Stipulating Defendants remain unaffected by this Stipulation.

11.    Assets Available for Collection.  Under this Stipulation, the parties hereto agree that only the assets of Black, Atia Black and/or Sole Group are assets available for Collections and State Court Collections.

12.    Disbursement Procedures for Stipulating Defendants.  Within ten (10) days of any Collecting Party recovering Collections and/or State Court Collections, such Collecting Party shall notify Plaintiff of the Collections and/or State Court Collections and provide the details of such Collections and/or State Court Collections, including but not limited to: (a) the date the Collections and/or State Court Collections were received; (b) the total Collections and/or State Court Collections amount; (c) the Gross Collection Amounts; and (d) details concerning the Collections and/or State Court Collections, such as the financial institution and account details for an account levied upon.  Plaintiff shall have ten (10) days from the date of such notification to determine whether the Collections and/or State Court Collections consist of assets belonging to the receivership estate and shall advise the Collecting Party or his counsel in writing of such determination ("Collections Determination").  Within ten (10) days of Plaintiff's Collections Determination, the Collecting Party shall either (a) disburse the Balance Collected, by check, wire transfer, cashier's check or other cash equivalent to the holders of Allowed Claims, according to each of their Collection Shares, if the Collections and/or State Court Collections are determined by Plaintiff not to constitute receivership assets; or (b) turn over the Collections and/or State Court Collections to Plaintiff, if they are determined by Plaintiff to constitute receivership estate assets.  If the Collecting Party disputes the Plaintiff's Collections Determination, that Collecting Party may bring a noticed motion to the Court in this case to resolve the dispute within such ten (10) day period and may maintain custody of the Collections and/or State Court Collections pending resolution of the motion.

13.    Plaintiff's Disbursement Procedures.  Within ten (10) days of Plaintiff recovering Collections, Plaintiff shall disburse the Balance Collected by wire transfer, cashier's check or other cash equivalent to holders of Allowed Claims according to each of their Collection Shares.

14. **Effect of Full Satisfaction of Black Judgment.** In the event that the Black Judgment is satisfied in full, nothing in this Stipulation shall waive or prohibit the enforcement or collection of any additional claims the parties may have against Black and/or Sole Group.

15. **Resolution of Case as to Stipulating Defendants.** This Stipulation is intended to resolve this action in its entirety as it relates to the Stipulating Defendants. The parties to this Stipulation are not entitled to any other relief, including but not limited to any monetary relief, or judgment of any kind, or attorneys' fees and costs, except as expressly provided for herein.

16. **Notices and Payments.** Stipulating Defendants and Plaintiff shall advise one another in writing of any change of address or change of attorney information. For purposes of any notice required to be made pursuant to this Stipulation and any payment to be made on account of Collections and/or State Court Collections under this Stipulation, such notice or payment shall be made to the attorney of record for the Stipulating Defendant and Plaintiff, or directly to any *pro per* Stipulating Defendant. All payments and notices shall be made as follows:

| ATTORNEY TO NOTICE OR DIRECT PAYMENT: | PARTIES REPRESENTED: |
|---|---|
| McKenna Long & Aldridge LLP c/o Gary Owen Caris, Esq. 300 South Grand Avenue 14th Floor Los Angeles, CA 90071 (213) 688-1000 | Robb Evans of Robb Evans & Associates LLC as Receiver |
| Barney McKenna & Olmstead c/o Eric Olmstead, Esq. 43 South 100 East St. George, UT 84770 (435) 628-1711 | Kim C. Ence, Kade K. Ence, KCE Family Trust Dated September 30, 2010, Financial Consulting, LLC, Richard Kimball, Jesse Kimball, Randall Aaron Mayer, John D. Alevras |

| ATTORNEY TO NOTICE OR DIRECT PAYMENT: | PARTIES REPRESENTED: |
|---|---|
| Williamson Law Office, PLLC<br>c/o Airene Williamson<br>1645 Village Center Circle<br>Ste. 200<br>Las Vegas, NV 89134<br>(702) 851-1191<br><br>Seegmiller Law PLLC<br>Trent T. Seegmiller, Esq.<br>107 S. 1470 E. Ste. 303A<br>St. George, UT 84790 | Rusty Lee, Peggy Horrocks |
| Brannelly Law, PLLC<br>c/o John Brannelly, Esq.<br>PO Box 1832<br>Draper, UT 84020<br>(801) 953-9070 | The Law office of Travis R. Marker, P.C., as Trustee, Mulligan Price, Inc. |
| Fillmore Spencer, LLC<br>c/o Kara H. North, Esq.<br>3301 North University Avenue<br>Provo, UT 84604<br>(801) 426-8200 | Stephen K. Murdock, Maple Mountain Construction, Inc., Pineside Investments, LLC, Casey T. Anderson, Cedar City Investments, LLC, Dale F. Dellamas, Dale Dellamas Construction, Inc., J.W. Ranch, Inc., Arvin Lee Black, Sr., William Scott Mitchell, Wendy J. Mitchell |
| Coogan & Martin, P.C.<br>c/o Daniel J. Coogan, Esq.<br>825 North Grand Avenue, Suite 200<br>Nogales, AZ 85621<br>(520) 287-2110 | R. Lane Jacobsen, Richard S. Rubin, The Ginsburg Trust, Michael Smith, Sandra S. Smith, J&P Wallace Family Limited Partnership, LLP, Christopher Martin, John Gee, Debra Gee, Robert Klosek |
| Gunderson Law Firm<br>c/o Courtney Forster, Esq.<br>3895 Warren Way<br>Reno, NV 89509<br>(775) 829-1222 | Wayne Cornick |

McKenna Long &<br>Aldridge LLP<br>Attorneys At Law<br>Los Angeles

USW 18059112.5

| ATTORNEY TO NOTICE OR DIRECT PAYMENT: | PARTIES REPRESENTED: |
|---|---|
| Heideman, McKay & Heugly, P.L.L.C.<br>c/o Justin Heideman, Esq.<br>2696 N. University Avenue, Ste. 180<br>Provo, UT 84604<br>(801) 812-1000 | D. Miller Electric, Inc. and D & S Investments, LLC |
| *PRO PER* STIPULATING DEFENDANTS: | |
| Brennan Swain<br>1417 26th Street, Unit D<br>Santa Monica, CA 90404 | Tony Zockoll<br>2920 Ebony Circle<br>St. George, UT 84790 |
| Joseph Kuebler<br>29301 Via Norte<br>Temecula, CA 92591 | Bradley Baker<br>465 North 2300 West Circle<br>St. George, UT 84770 |

17.   <u>Failure to Comply with Stipulation</u>.  The parties to this Stipulation may enforce compliance with, and seek relief from any violation of, this Stipulation by motion made to the Court in this Action, including without limitation an application for issuance of an order to show cause re: contempt for any willful violation of the order approving this Stipulation.

18.   <u>Retention of Jurisdiction</u>.  This Court shall retain jurisdiction over this Action to interpret and enforce the provisions of this Stipulation, to grant relief in the event of any violation of the Stipulation and to interpret and enforce any order entered approving this Stipulation.

19.   <u>Headings</u>.  The headings of paragraphs of this Stipulation are inserted solely for the convenience of reference and are not a part of and are not intended to govern, limit, or aid in the construction or interpretation of any term or provision hereof.

20.   <u>Pronouns</u>.  Any pronoun herein shall be construed to refer to the masculine, feminine or neutral gender, in singular or plural, as each case is most appropriate.

21.   <u>Use of Singular and Plural</u>.  The singular form of a word herein shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, as appropriate.

1    WHEREFORE, the parties pray this Honorable Court endorse this Stipulation as outlined

2    herein and set forth below.

3

4    Dated:  May 27, 2014                    RANDOLPH L. HOWARD
                                              KOLESAR & LEATHAM, CHTD.

5                                             MCKENNA LONG & ALDRIDGE LLP
6                                             GARY OWEN CARIS
                                              LESLEY ANNE HAWES
7                                             ANGELA E. FONES

8                                             By: /s/  Gary Owen Caris
9                                                  Gary Owen Caris

10                                            Attorneys for Plaintiff
                                              **ROBB EVANS OF ROBB EVANS &**
11                                            **ASSOCIATES LLC**

12

13   Dated:  March ____, 2014                COOGAN & MARTIN, P.C.
                                              DANIEL J. COOGAN

14

15                                            By:_____
16                                                 Daniel J. Coogan

17                                            Attorneys for **R. LANE JACOBSEN,**
                                              **RICHARD S. RUBIN, THE GINSBURG**
18                                            **TRUST, P. MICHAEL SMITH, SANDRA S.**
                                              **SMITH, J&P WALLACE FAMILY**
19                                            **LIMITED PARTNERSHIP, L.L.P.,**
                                              **CHRISTOPHER MARTIN, JOHN GEE,**
20                                            **DEBRA GEE, and ROBERT KLOSEK**

21

22

23

24

25

26                          [SIGNATURES CONTINUED NEXT PAGE]

27

28

McKenna Long &
 Aldridge LLP
Attorneys At Law
 Los Angeles

- 11 -

USW 18059112.5

1       WHEREFORE, the parties pray this Honorable Court endorse this Stipulation as outlined

2  herein and set forth below.

3

4  Dated: March _____, 2014

                      RANDOLPH L. HOWARD
                      KOLESAR & LEATHAM, CHTD.

5

                      MCKENNA LONG & ALDRIDGE LLP
6                      GARY OWEN CARIS
                      LESLEY ANNE HAWES
7                      ANGELA E. FONES

8

                      By: _____
9                           Gary Owen Caris

10                   Attorneys for Plaintiff
                      **ROBB EVANS OF ROBB EVANS &**
11                 **ASSOCIATES LLC**

12

13  Dated: March _22_, 2014

                      COOGAN & MARTIN, P.C.
                      DANIEL J. COOGAN

14     April

15                      By: _____
                        Daniel J. Coogan
16

17                   Attorneys for **R. LANE JACOBSEN,**
                      **RICHARD S. RUBIN, THE GINSBURG**
18                 **TRUST, P. MICHAEL SMITH, SANDRA S.**
                      **SMITH, J&P WALLACE FAMILY**
19                 **LIMITED PARTNERSHIP, L.L.P.,**
                      **CHRISTOPHER MARTIN, JOHN GEE,**
20                 **DEBRA GEE, and ROBERT KLOSEK**

21

22

23

24

25

26                 [SIGNATURES CONTINUED NEXT PAGE]

27

28

1

2  Dated: ~~March~~ April 23, 2014

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILLMORE SPENCER, LLC
KARA NORTH


By: _Kara North_____
Kara North

Attorneys for SCOTT MITCHELL, WENDY
J. MITCHELL, STEPHEN K. MURDOCK,
MAPLE MOUNTAIN CONSTRUCTION,
INC., PINESIDE INVESTMENTS, LLC,
CASEY T. ANDERSON, CEDAR CITY
INVESTMENTS, LLC, DALE F.
DELLAMAS, DALE DELLAMAS
CONSTRUCTION, INC., ARVIN L.
BLACK SR., and J.W. RANCH, INC.

[SIGNATURES CONTINUED NEXT PAGE]

Dated: ~~March~~ MAY 14, 2014

HEIDEMAN, MCKAY & HEUGHLY, PLLC
JUSTIN D. HEIDEMAN

By: _____
        Justin D. Heideman

Attorneys for **D MILLER ELECTRIC, INC.,
and D&S INVESTMENTS, LLC**

Dated: March _____, 2014

BARNEY MCKENNA & OLMSTEAD, P.C.
M. ERIC OLMSTEAD
SCOTT L. HALVORSEN

By: _____
        M. Eric Olmstead

Attorneys for **KIM C. ENCE, KCE FAMILY
TRUST DATED SEPTEMBER 30, 2010,
KADE K. ENCE, FINANCIAL
CONSULTING LLC, RICHARD
KIMBALL, JESSE KIMBALL, RANDALL
AARON MAYER, AND JOHN ALEVRAS**

[SIGNATURES CONTINUED NEXT PAGE]

McKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

- 13 -

USW 18059112.5

1

2    Dated:  March ____, 2014

3                                                 HEIDEMAN, MCKAY & HEUGHLY, PLLC
                                                  JUSTIN D. HEIDEMAN

4    By:_____
                                                  Justin D. Heideman

5

6                                                 Attorneys for **D MILLER ELECTRIC, INC.,**
                                                  and **D&S INVESTMENTS, LLC**

7

8    Dated: ~~March~~ *April* 2\|, 2014           BARNEY MCKENNA & OLMSTEAD, P.C.
                                                  M. ERIC OLMSTEAD
                                                  SCOTT L. HALVORSEN

9

10

11   By:_____
                                                  M. Eric Olmstead

12

13                                                Attorneys for **KIM C. ENCE, KCE FAMILY**
                                                  **TRUST DATED SEPTEMBER 30, 2010,**
14                                                **KADE K. ENCE, FINANCIAL**
                                                  **CONSULTING LLC, RICHARD**
15                                                **KIMBALL, JESSE KIMBALL, RANDALL**
                                                  **AARON MAYER, AND JOHN ALEVRAS**

16

17                   [SIGNATURES CONTINUED NEXT PAGE]

18

19

20

21

22

23

24

25

26

27

28

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

- 13 -

USW 18059112.5

May 19, 2014

Dated: March _____, 2014      BRANNELLY LAW, PLLC
JOHN BRANNELLY, JR.

By: _____

John Brannelly, Jr.

Attorneys for **THE LAW OFFICE OF
TRAVIS R. MARKER P.C., TRUSTEE and
MULLIGAN PRICE, INC.**

Dated: March _____, 2014      GUNDERSON LAW FIRM
COURTNEY FORSTER

By: _____

Courtney Forster

Attorneys for **WAYNE CORNICK**

Dated: March _____, 2014      WILLIAMSON LAW OFFICE, PLLC
AIRENE WILLIAMSON

By: _____

Airene Williamson

Attorneys for **RUSTY LEE and PEGGY
HORROCKS**

Dated: March _____, 2014      _____

Joseph Kuebler, in *pro per*

[SIGNATURES CONTINUED NEXT PAGE]

1

Dated:  March ____, 2014

BRANNELLY LAW, PLLC
JOHN BRANNELLY, JR.

2

3

4

By: _____

John Brannelly, Jr.

5

6

Attorneys for **THE LAW OFFICE OF
TRAVIS R. MARKER P.C., TRUSTEE** and
**MULLIGAN PRICE, INC.**

7

8

Dated:  March ___24___, 2014

April

GUNDERSON LAW FIRM
COURTNEY FORSTER

9

10

11

By: _____

Courtney Forster

12

13

Attorneys for **WAYNE CORNICK**

14

Dated:  March ____, 2014

WILLIAMSON LAW OFFICE, PLLC
AIRENE WILLIAMSON

15

16

17

By: _____

Airene Williamson

18

19

Attorneys for **RUSTY LEE** and **PEGGY
HORROCKS**

20

21

22

Dated:  March ____, 2014

_____

23

Joseph Kuebler, in *pro per*

24

25

26

[SIGNATURES CONTINUED NEXT PAGE]

27

28

1

Dated:  March ____, 2014

2

3

4

5

6

7

8

Dated:  March ____, 2014

9

10

11

12

13

14

Dated:  May 27, 2014

15

16

17

18

19

20

21

22

Dated:  March ____, 2014

23

24

25

26

27

28

BRANNELLY LAW, PLLC
JOHN BRANNELLY, JR.

By: _____
       John Brannelly, Jr.

Attorneys for **THE LAW OFFICE OF TRAVIS R. MARKER P.C., TRUSTEE and MULLIGAN PRICE, INC.**

GUNDERSON LAW FIRM
COURTNEY FORSTER

By: _____
       Courtney Forster

Attorneys for **WAYNE CORNICK**

WILLIAMSON LAW OFFICE, PLLC
AIRENE WILLIAMSON

By: */s/ Airene Williamson*
       Airene Williamson

Attorneys for **RUSTY LEE and PEGGY HORROCKS**

_____
       Joseph Kuebler, in *pro per*

[SIGNATURES CONTINUED NEXT PAGE]

1    Dated:  March ____, 2014          BRANNELLY LAW, PLLC
2                                      JOHN BRANNELLY, JR.
3
4                                      By:_____
5                                          John Brannelly, Jr.
6                                      Attorneys for **THE LAW OFFICE OF**
7                                      **TRAVIS R. MARKER P.C., TRUSTEE and**
                                       **MULLIGAN PRICE, INC.**
8    Dated:  March ____, 2014          GUNDERSON LAW FIRM
9                                      COURTNEY FORSTER
10
11                                     By:_____
12                                         Courtney Forster
13                                     Attorneys for **WAYNE CORNICK**
14   Dated:  March ____, 2014          WILLIAMSON LAW OFFICE, PLLC
15                                     AIRENE WILLIAMSON
16
17                                     By:_____
18                                         Airene Williamson
19                                     Attorneys for **RUSTY LEE and PEGGY**
                                       **HORROCKS**
20
21                April 23
22   Dated:  March ____, 2014
23                                     _____
                                       Joseph Kuebler, in *pro per*
24
25
26
27                    [SIGNATURES CONTINUED NEXT PAGE]
28

1

2

3  Dated: ~~March~~ APRIL 28 , 2014

_____
4                                    Brennan Swain, in *pro per*

5

6

7  Dated: March ____, 2014

_____
8                                    Tony Zockoll, in *pro per*

9

10

11 Dated: March ____, 2014

_____
                                    Bradley Baker, in *pro per*

12

13

14

15                                  **ORDER**

16

17      IT IS SO ORDERED.

18

19

20 DATED: _____

_____
21                                  MIRANDA M. DU
                                    UNITED STATES DISTRICT JUDGE
22

23

24

25

26

27

28

2

3    Dated: March _____, 2014

4                                        _____
                                         Brennan Swain, in *pro per*
5

6

7    Dated: March _30_, 2014

8                                        _____
                                         Tony Zockoll, in *pro per*
9

10

11   Dated: March _____, 2014

12                                       _____
                                         Bradley Baker, in *pro per*
13

14

15                                       **ORDER**

16

17           IT IS SO ORDERED.

18

19

20   DATED: _____

21                                       _____
                                         MIRANDA M. DU
22                                       UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles
                                         - 15 -

USW 18059112.5

PAGE 1/1 * RCVD AT 5/15/2014 6:07:38 AM [Pacific Daylight Time] * SVR:RESRIGHTFAX02/0 * DNIS:34198 * CSID: * DURATION (mm-ss):00-32

Dated:  March ____, 2014

_____
Brennan Swain, in *pro per*

Dated:  March ____, 2014

_____
Tony Zockoll, in *pro per*

Dated:  March ____, 2014

_____
Bradley Baker, in *pro per*

## ORDER

IT IS SO ORDERED.

DATED: _____

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

McKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

USW 18059112.5

# EXHIBIT A

**Exhibit "A"**

| Stipulating Parties | Amount of Allowed Claim | Judgment Percentage |
|---|---|---|
| Robb Evans of Robb Evans & Associates LLC, as Receiver | To be determined | |
| Wayne Cornick | 186,666.00 | |
| Rusty Lee | 82,353.50 | |
| Peggy Horrocks | 115,000.00 | |
| Joseph Kuebler | 81,333.33 | |
| Bradley Baker | 276,273.00 | |
| Brennan Swain | 50,000.00 | |
| D. Miller Electric, Inc.<br><br>D&S Investments, LLC | 73,517.00 | |
| Robert Klosek | 154,593.00 | |
| R. Lane Jacobsen | 290,022.00 | |
| Richard S. Rubin | 246,000.00 | |
| The Ginburg Trust | 950,000.00 | |
| J&P Wallace Family Limited Partnership, LLP | 100,000.00 | |
| Michael Smith & Sandra Smith | 809,333.00 | |
| John Gee & Debra Gee | 89,734.00 | |
| Christopher Martin | 500,000.00 | |
| Pineside Investments, LLC (No Allowed Claim)<br>Maple Mountain Construction, Inc. (No Allowed Claim)<br>Stephen K. Murdock  (No Allowed Claim) | 0.00 | 0.00 |
| Cedar City Investments, LLC  (No Allowed Claim)<br>Casey T. Anderson (No Allowed Claim) | 0.00 | 0.00 |
| Dale Dellamas Construction, Inc. (No Allowed Claim)<br>Dale F. Dellamas  (No Allowed Claim) | 0.00 | 0.00 |

**Exhibit "A"**

| Stipulating Parties | Amount of Allowed Claim | Judgment Percentage |
|---|---:|---:|
| Arvin Lee Black, Sr. (No Allowed Claim) | 0.00 | 0.00 |
| J.W. Ranch Inc. (No Allowed Claim) | 0.00 | 0.00 |
| William Scott Mitchell<br>Wendy J. Mitchell | 831,000.00 | |
| Tony Zockoll | 70,500.00 | |
| Richard Kimball & Jesse Kimball | 2,125,783.00 | |
| Kade K. Ence<br>Kim C. Ence<br>KCE Family Trust Dated September 30, 2010<br>Financial Consulting, LLC | 845,032.00 | |
| John D. Alevras | 70,000.00 | |
| Randall Aaron Mayer (No Allowed Claim) | 0.00 | 0.00 |
| The Law office of Travis R. Marker, P.C., as trustee | 311,074.00 | |
| Mulligan Price, Inc. | 225,000.00 | |

**TOTAL:**                                **$8,483,213.83**

**CERTIFICATE OF SERVICE**

      I am a citizen of the United States and employed in San Francisco County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is One Market Plaza, Spear Tower, 24th Floor, San Francisco, California, 94105.

      On May 27, 2014, I served the

**Stipulation for Settlement with Certain Defendants; Order Thereon**

upon the parties and/or counsel listed and by the methods indicated on the attached Service List.

      I declare upon the penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  Executed on May 27, 2014, at San Francisco, California.

                                Nelly M. Quintanilla

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

USW 804520684.1

# SERVICE LIST

The following CM/ECF participants were served by electronic means on May 27, 2014:

Gary Owen Caris — gcaris@mckennalong.com, lhawes@mckennalong.com, comeara@mckennalong.com

Lesley Anne Hawes — lhawes@mckennalong.com, gcaris@mckennalong.com, comeara@mckennalong.com

Angela E. Fones — afones@mckennalong.com, nquintanilla@mckennalong.com

Randolph L. Howard — rhoward@klnevada.com, ckishi@klnevada.com, usdistrict@klnevada.com

Airene Williamson — awilliamson@wlawoffice.com

Courtney Forster — cforster@gundersonlaw.com, bmadieros@gundersonlaw.com

Bret O. Whipple — admin@justice-law-center.com

Daniel J Coogan — djc@nogaleslaw.com

Douglas R Rands — doug_rands@sbcglobal.net, carol@rsgnvlaw.com

Eric Olmstead — eolmstead@barney-mckenna.com

Jay Young — jay@h2law.com

Kara H. North — knorth@fslaw.com

Mark H. Gunderson — cstockwell@gundersonlaw.com

Matthew R. Lewis — mlewis@rqn.com

Scott L Halvorsen — shalvorsen@barney-mckenna.com

Shlomo S. Sherman — ssherman@klnevada.com, bbroussard@klnevada.com, ckishi@klnevada.com, usdistrict@klnevada.com

Robert C. Martin — rcm@nogaleslaw.com

Trent T. Seegmiller — trent@seeglaw.com

USW 804520684.1

John Brannelly, Jr.          jack@brannellylaw.com

Justin D. Heideman          heideman@hmho-law.com


        The following non-CM/ECF participants were served by first-class mail, postage prepaid on May 27, 2014:

Robert C. Martin                    Justin D. Heideman
Coogan & Martin                     Heideman, McKay & Heugly, PLLC
825 North Grand Avenue, Suite 200   2696 N University Ave, Suite 180
Nogales, AZ 85621                   Provo, UT 84604

Brennan Swain                       Tony Zockoll
1417 26th Street, Unit D            2920 Ebony Circle
Santa Monica, CA 90404              St. George, UT 84790

Joseph J. Kuebler                   Bradley Baker
29301 Via Norte                     456 North 2300 West Circle
Temecula, CA  92591-1834            St. George, UT 84770